## FLINT EDDY & AMERICAN TRADING CO. v. BIDWELL.

(Circuit Court, S. D. New York. April 27, 1903.)

1. Customs Duties—Recovery of Duties Paid—Voluntary Payment.

The owner of a cargo of sugar brought from the Philippine Islands, who voluntarily paid the duty assessed thereon as imported merchandise, without objection or protest, cannot maintain an action against the collector to recover the same on the ground that the sugar was not imported, and the duty was therefore wrongfully and illegally exacted.

Action to Recover Duties Paid. On demurrer to amended answer.

H. M. Ward, for plaintiff.

Henry L. Burnett and Henry C. Platt, for defendant.

PLATT, District Judge. The fifth paragraph of the amended complaint is the important one:

"Fifth. That on or about the 16th day of March, 1900, the defendant, being such collector as aforesaid, did under color of his said office, and through the improper exercise of the powers and authority in him vested for the purposes of the performance of his duties as such collector, unlawfully demand, and by duress of goods collect, from the plaintiff as alleged duties upon certain sugars, the product of the said island of Luzon, in the Philippine Islands, and brought by the plaintiff into the port of New York, in the state of New York, from the port of Manila, in said island of Luzon, during the month of March, 1900, by the bark Hamburg (said bark having cleared from the port of Manila on or about the 10th day of November, 1899, and the said sugars being those mentioned and described in consumption entry No. 39,368, and liquidated May 8, 1900), the sum of thirteen thousand and seventeen dollars and seventy cents ($13,017.70), which sum the plaintiff was unlaw-' fully and against its will compelled to pay and did pay in order to obtain possession of said sugars, to which it was entitled, but which said defendant, enabled so to do by reason of the power and authority of his said office, had detained, was detaining, and threatened to continue to detain from it, exacting as a condition to the delivery thereof such payment of said alleged duties, whereas the said sugars were not liable to duty, the same not having been imported from any foreign country into the United States within the meaning of any valid statute or executive order of the United States, but they were merchandise which must, under and by virtue of the provisions of the Constitution of the United States in that regard, be admitted to free entry upon their arrival in the port of New York as aforesaid."

I also insert the amended answer:

"That no protest whatever was made or filed by the plaintiffs against the payment by them of the sum of thirteen thousand and seventeen $70/100$ dollars to the defendant as collector of customs at the port of New York on the importation as mentioned and set forth in the fifth allegation of said complaint.

"The defendant denies that said plaintiffs were compelled by defendant to pay said sums or any part thereof.

"And defendant avers, on information and belief, that on the 16th day of March, 1900, the plaintiffs voluntarily and without protest paid to the defendant, on account of duties on said importation, the sum of $13,776, and on the 10th day of May, 1900, the defendant refunded to the plaintiffs the sum of $758.30 thereof; that at the time of said refunding the plaintiffs did not ask or demand of the defendant the refund of any other or greater sum on account thereof than the said $758.30; and that the balance, to wit, the

¶ 1. See Customs Duties, vol. 15, Cent. Dig. § 233.

sum of $13,017.70, was a voluntary payment made by said plaintiffs, covering all claims by reason of said importation, without objection or protest. Wherefore defendant demands that said complaint be dismissed, with costs."

The plaintiff demurs to the amended answer, and asks that the defense of no protest, and that the defense that the plaintiff did not ask or demand the refund of the balance when the $758.30 was refunded, be stricken out, and that the plaintiff have judgment for the amount claimed in the amended complaint, with interest and costs.

If the allegations specified were stricken out, there would still be quite a little matter left in the answer upon which it might be worth while to take the views of a jury. There would remain the general denial that the defendant compelled the plaintiff to pay the moneys, and the proposition that the amount actually left with the defendant was a voluntary payment made by said plaintiff, covering all claims by reason of said importation, without objection or protest.

Upon careful consideration, I am unable to divorce this case from that of Dewell v. Mix (C. C.) 116 Fed. 664, and the very frank and exhaustive analysis of that opinion, made by counsel in the case at bar, with my approbation and gratitude therefor, does not lead me to any different conclusions. The cases are alike, and yet unlike; but, nevertheless, the same general strain can be traced in both. I am content to leave others to untangle the knots, and decide for themselves whether or no what I have said is true.

In Dewell v. Mix the plaintiff waived the tort and sued in assumpsit. I passed upon the facts, and then decided, as a matter of law, that upon the facts he could not recover. In the case at bar the plaintiff counts upon the tort. The defendant denies the tort, and sets up defenses, some of which the plaintiff asks to have stricken out, and others of which he suffers to remain, and all of which, if admitted to be facts, would, upon my construction of the law, entitle the defendant to judgment. I believe that it is my duty to leave the parties where I find them.

Let the plaintiff's demurrer to the defendant's answer be overruled.